# FRED PETERS
## v.
# HENRY SENNETT.

1. DRAIN FOR AGRICULTURAL PURPOSES—PLEADING.—An action of trespass *quare clausum fregit*. The defense set up was a proceeding under the "Act to permit owners of land to construct drains for agricultural purposes." *Held*, that the plat filed in the plea of justification was sufficient under section nine of the act; but the plea is insufficient in not averring that the boxing that was placed in said drain was equally as good as tile. Section 4 of Act.

2. TRESPASS.—Where, under the order of the justice, a party is given the right to enter the close of another and construct a drain in pursuance of the statute, if he fails to so construct such drain he is in law a trespasser.

ERROR to the Circuit Court of McHenry county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed June 8, 1886.

Mr. B. M. SMITH, for plaintiff in error.

Mr. A. B. COON and Mr. R. N. BOTSFORD, for defendant in error.

WELCH, J.   This was an action of trespass *quare clausum fregit* brought by the defendant in error against the plaintiff in error, to which plaintiff in error filed three pleas.   1st, general issue; 2d, license; 3d, plea of justification.   The first and second pleas were withdrawn and special demurrer was sustained to the third plea.   The defendant, now plaintiff in error, electing to stand by his plea, a jury was waived, and plaintiff's damages were assessed by the court at twenty-five dollars and judgment entered therefor and costs, from which judgment this writ of error is prosecuted.   The defense set up in the original plea of justification was a proceeding under an act of the general assembly of the State of Illinois, approved June 23, 1883, and in force July 1, 1883, entitled "An Act to permit owners of land to construct drains for agricultural

purposes." The sufficiency of this plea is the only question before us. The plea avers "that the defendant was the owner of a piece or parcel of land adjacent to the said close of the plaintiff, on which there was a small pond of water, which the defendant then and there desired to drain off across the said close of the plaintiff for agricultural purposes." And to that end "he caused a plat to be made of the land so proposed to be drained, and of said close, across which said drain was to run, showing the starting point thereof, its proper course, and the point of its discharge, and filed the same with B. F. Ellis, one of the justices of the peace in and for said county." * * * "And that after the defendant had filed said plat with said justice, he caused said justice to issue a summons against said plaintiff, which was duly served upon him by a constable of said county, and that afterward, on the day and date of the return of said summons, the said plaintiff appeared and answered to said cause, and a trial was then and there had before said justice under and in pursuance of said drainage act." "And the question was then and there tried as to whether the defendant should have the right to construct said drain as represented on said plat across the said lands of the plaintiff, and the issues of said trial were by the said justice then and there found in favor of the said Henry Sennett, the defendant herein," and the following judgment then and there rendered in said cause by said justice.

"On hearing the allegations and proofs, the issues are found for the plaintiff. And it is found that the plaintiff's drain, if constructed, would empty into a natural watercourse or natural depression, whereby the water would be carried into a natural watercourse, in accordance with an act to permit owners of land to construct drains for agricultural purposes, approved June 23, 1883, in force July 1, 1883, and that the defendant would sustain no damages thereby."

"It is therefore considered and adjudged that the plaintiff has the right to construct a drain upon the defendant's land, according to his plat filed in this proceeding, and in pursuance of said statute, upon payment of the costs herein, and may thereafter enter upon the defendant's premises at all

Peters v. Sennett.

times in proper season, for the purpose of repairing said drain as in said statute provided."

The defendant avers in his said plea, that before he began said proceeding before said justice of the peace he filed a good and sufficient bond in said cause with said justice of fifty dollars, with sureties thereon, conditioned to pay all costs legally accruing in said cause, and all damages awarded therein, and that he, before he commenced the construction of said drain, did pay to the said justice the costs of said proceeding.

And the defendant avers that after the entering of judgment in said cause as aforesaid, he proceeded to construct said drain. To that end he cut a ditch, beginning at said pond on defendant's land, a distance of about twenty rods in a northerly direction, until he came to the said lands of the said plaintiff, and that he continued with said ditch across the said lands of the said plaintiff, a distance of less than twenty rods, to the natural depression above referred to ; said ditch being about three feet in depth and about one foot in width throughout its entire length, and following the direction and location and distance as indicated by said plat, and that the said defendant then and there proceeded to lay tile in the bottom of said ditch for nearly the entire length of said ditch, except for the distance of about twenty or thirty feet at the north end of said drain, in which the defendant put boxing made of plank, and then and there filled up the ditch, covering said tile and boxing, so that said tile and boxing were secure from the action of the frost, and the surface of defendant's said land was then and there left in the same condition, as far as possible, throughout the entire length of said drain, as it was before said drain was constructed.

It was assigned as special ground of demurrer to this plea, that the plat filed is too uncertain and indefinite to give the justice jurisdiction. Section nine of the act provides : "Prior to issuing the summons in commencing any suit under this act, the plaintiff shall file with the justice a rough sketch or plat of the land to be drained, and that of all other persons across or upon which such drain is to be constructed, showing

Peters v. Sennett.

the starting point of such drain, and its proposed course across or upon the land of others, and the point of its discharge. * * * A failure to comply with the provisions of this section shall be a sufficient cause for the dismissal of the suit at any time before the trial is entered upon."

We hold that the plat filed is sufficient under this section, and even if it had been insufficient, it would only have been cause for dismissal before the trial was entered upon. It is also insisted that the plea is insufficient in not averring that the boxing that was placed in said drain was equally as good as tile. Section four of said act provides: "If the drain shall be constructed on or over the land of any other person or persons, without the consent of the owner or owners thereof, it shall consist of tile or some other material equally as good."

There is no averment in this plea that the plank used in boxing was as good as tile. The rule of pleading requiring that a pleading should be construed most strongly against the pleader, we are forced to the conclusion that it was not as good, or the pleader would have so averred. Whilst under the order of the justice, plaintiff in error was given the right to enter the close of the defendant in error and construct a drain in pursuance of the statute in such case, yet if the plaintiff in error failed to so construct such drain, he is in law a trespasser.

"When the law has given an authority, it is reasonable that it should make void everything done by the abuse of that authority, and the abuser, as if he had done everything without authority." Bacon's Abridgment, tit. Trespass, B. The plea in this case failing to aver that the plank used was of as good material as tile, was insufficient, and the demurrer was properly sustained thereto.

Judgment affirmed.